IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Julius Fletcher, | ) | C/A No.: 1:11-1334-JFA-SVH |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| John R. Owen, Warden, | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner requests that this court order his immediate release and set aside his conviction and sentence from the District of Columbia Superior Court. Petitioner alleges that he was convicted in that court on May 9, 1975, of two counts of armed kidnaping, two counts of armed rape, two counts of robbery, one count of assault with intent to commit sodomy while armed, and one count of assault with a dangerous weapon.[1] Pet. at

---

[1] Within his petition, Petitioner states differently which crimes he was convicted of on pages 3 and 9. This court has referred to the counts listed on page 3.

3 [Entry #1]. Petitioner alleges that on October 15, 1975, he received a sentence of 48 years to life. *Id.* Petitioner alleges that he did not file a direct appeal because he "was not afforded the right to an (sic) direct appeal." *Id.* at 4.

In this action, Petitioner's ground for relief appears to be that he was not indicted by a grand jury of the charges for which he was convicted, such that his rights to due process and equal protection were violated. Pet. at 5–7; Pet. Attach. 1 at 1–4 [Entry #1-1]. Petitioner alleges that, as a result, his trial was "fraudulent" without an indictment and, his custody is in violation of the Constitution and laws and treaties of the United States. *Id.* Petitioner alleges that he exhausted his District of Columbia remedies in this matter and that he "has no other remedy for release from the warden of this institution." Pet. Attach. 1 at 1–6 [Entry #1-1]. Specifically, Petitioner alleges that on July 10, 2010, he filed a motion under the "Innocence Protection Act" in the District of Columbia Superior Court, which court denied the motion on August 10, 2010. Pet. 10; Pet. Attach. 4 [Entry #1-4]. Petitioner alleges that he appealed the decision to the District of Columbia Court of Appeals, which court affirmed the decision on January 31, 2011. Pet. 10; Pet. Attach. 7 [Entry #1-7]. In its order affirming the trial court, the District of Columbia Court of Appeals stated that the "trial court properly construed appellant's motion under D.C. Code § 23-110 and not under the Innocence Protection Act because appellant failed to claim actual innocence based on newly discovered evidence, . . . and denied the motion on grounds that it was a successive pleading and lacked sufficient merit." Pet. Attach. 7 [Entry #1-7] (citation omitted). Petitioner alleges that the District

2

of Columbia Superior Court and Court of Appeals were "incorrect in failing to find that my constitutional rights were violated" and their decisions were "either contrary to, or was an un[r]easonable application of clearly established federal law, as determined by the Supreme Court [of] the United States or that it was based on an unreasonable determin[ation] of facts in light of evidence presented in the Superior Court Proceeding." Pet. Attach. 1 at 4–6 [Entry #1-1]. Petitioner appears to allege that, because the District of Columbia Superior Court and Court of Appeals incorrectly refused to grant him relief, then the remedy provided in the District of Columbia courts to test the legality of his detention is inadequate or ineffective. *Id.*

II.  Discussion

   A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded

to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

A prisoner convicted in a District of Columbia Superior Court, who seeks to vacate that conviction, must file a petition for relief under D.C. Code § 23-110 in the District of Columbia Superior Court. *See Perkins v. Henderson*, 881 F.Supp. 55, 58–60 (D.D.C. 1995) (explaining that "D.C. Code § 23-110 is the functional equivalent of 28 U.S.C. § 2255" and that determining whether the remedy under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review" outside of § 2255); *Mills v. United States*, C/A No. 98-134(CKK), 2006 WL 2983012, at *3 (D.D.C. Oct. 17, 2006). If Petitioner desires to appeal a denial under § 23-110, he may appeal to the District of Columbia Court of Appeals. *Perkins*, 881 F.Supp. at 59. "District of Columbia prisoners have no recourse to any habeas corpus review unless they can demonstrate that the § 23-110 remedy is 'inadequate or ineffective' to test the legality of their detention." *Id.*; *see also* D.C. Code § 23-110(g); *Garris v. Lindsay*, 794 F.2d 722, 725–27 (D.C.Cir. 1986).

This court takes judicial notice that on October 2, 2008, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District

4

Court for the District of Columbia. *See Fletcher v. Holt*, C/A No. 1:08-01687-UNA (D.D.C. October 2, 2008) ("*Fletcher v. Holt*"). It is appropriate for this court to take judicial notice of Petitioner's prior cases.[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Fletcher v. Holt*, Petitioner challenged his 1975 conviction and sentence from the District of Columbia Superior Court. The United States District Court for the District of Columbia summarily dismissed the petition for lack of jurisdiction, noting that collateral challenges to sentences imposed by the District of Columbia Superior Court must be brought in the District of Columbia Superior Court under D.C. Code § 23-110. *See Fletcher v. Holt* [Entry #3]. That court found that Petitioner had already been denied relief under § 23-110 and that it did not appear that a motion under § 23-110 was inadequate or ineffective to test the legality of his conviction and detention. *Id.* After Petitioner filed an appeal from that decision, on April 28, 2009, the United States Court of Appeals for the District of Columbia Circuit dismissed the appeal and explained that Petitioner "is precluded by D.C. Code § 23-110 from bringing habeas claims in federal court unless the remedy under § 23-110 is inadequate or ineffective," which Petitioner had failed to demonstrate. *See Fletcher v. Holt* [Entry #12].

In the case *sub judice*, the petition should be dismissed because Petitioner is precluded by D.C. Code § 23-110(g) from filing a petition for a writ of habeas corpus

---

[2] It appears that Petitioner has filed more prior cases in the United States District Court for the District of Columbia than the one mentioned. However, a recitation of all of those cases is not necessary for this report and recommendation.

pursuant to 28 U.S.C. § 2241 in this court unless he can show that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention. Petitioner has not alleged a sufficient reason why the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective. The crux of Petitioner's "inadequate or ineffective" allegation appears to be that he was unable to obtain relief by filing a motion under the "Innocence Protection Act" and that the District of Columbia courts incorrectly decided his prior cases. However, a petitioner's lack of success in invoking remedies provided under D.C. Code § 23-110 is insufficient grounds to show that the remedies provided by D.C. Code § 23-110 are inadequate. *See Perkins v. Henderson*, 881 F.Supp. 55, 59-60 (D.D.C. 1995); *Mills v. United States*, C/A No. 98-134(CKK), 2006 WL 2983012, *3 (D.D.C. Oct. 17, 2006).

As indicated in *Fletcher v. Holt* and in his Attachment on [Entry #1-7], Petitioner already has been denied relief under D.C. Code § 23-110. The fact that Petitioner believes that the District of Columbia courts wrongly decided his motions for relief, or stated differently, the fact that Petitioner lost in the District of Columbia courts, is not a sufficient reason why remedies provided by D.C. Code § 23-110 are inadequate or ineffective. *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (explaining that a federal prisoner may pursue a § 2241 motion when he had no opportunity to utilize a § 2255 motion to take advantage of a change in applicable law); *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006) (the savings

clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful).

Further, § 23-110(e) provides that the court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." D.C. Code § 23-110(e). It appears that Petitioner has unsuccessfully filed a successive motion under D.C. Code § 23-110. Pet. Attach. 7 [Entry #1-7]. Thus, Petitioner likely is precluded by D.C. Code § 23-110(e) from filing another successive motion under D.C. Code § 23-110. However, Petitioner's preclusion does not render § 23-110 inadequate or ineffective. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (explaining that the remedy provided by § 2255 is not rendered inadequate or ineffective because a prisoner is procedurally barred from filing a § 2255 motion); *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006) (the savings clause is not satisfied because a petitioner is unable to meet the requirements to file a successive § 2255 motion). Because Petitioner is not permitted to file this § 2241 petition in this court, this court lacks jurisdiction over the petition.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

7

IT IS SO RECOMMENDED.

*Shiva V. Hodges* (signature)

September 8, 2011                                    Shiva V. Hodges
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**