IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Julius Fletcher, | ) | C.A. No.: 1:11-1334-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John R. Owen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Paul Fletcher's ("Fletcher") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court dismiss the case without prejudice and without issuance of service of process (ECF No. 19.). Petitioner is an inmate housed at Federal Correctional Institute Williamsburg in Salters, South Carolina. He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted and sentenced in the District of Columbia Superior Court. Petitioner asks this court to set aside that conviction and sentence on the grounds that he was not indicted by a grand jury. Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

I.    **Legal Standards**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a

recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that Plaintiff appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Analysis

The Magistrate Judge recommends that this court dismiss the case without prejudice and without issuance and service of process because this court lacks jurisdiction to hear the petition. Because the petitioner was convicted in a District of Columbia Superior Court, he must file a petition for relief under D.C. Code § 23-110. *See Perkins v. Henderson*, 881 F. Supp. 55, 58–60 (D.D.C. 1995) ("D.C. Code § 23-110 is the functional equivalent of 28 U.S.C. § 2255.").[1]  "District of Columbia prisoners have no recourse to any habeas corpus review unless they can demonstrate that the § 23–110

---

[1] If he so desires, a prisoner may appeal that decision to the District of Columbia Court of Appeals. The petitioner in this case did file such an appeal.

remedy is 'inadequate or ineffective' to test the legality of their detention." *Id.* at 59 (citing D.C. Code § 23–110(g) (1981)).

Here, petitioner has failed to demonstrate that his appeal under D.C. Code § 23-110 was inadequate or ineffective to test the legality of his detention.[2] Petitioner essentially argues that his appeal was inadequate or ineffective because it was unsuccessful. As the Magistrate notes, lack of success does not provide sufficient grounds to show that his D.C. Code § 23-110 appeal was inadequate or ineffective. *See Perkins*, 881 F. Supp. at 60 n.5. Absent such a showing, this court lacks jurisdiction to hear petitioners 28 U.S.C. § 2241 appeal.[3]

In his objection to the Magistrate's R&R, the petitioner argues that a 28 U.S.C. § 2241 petition is the proper vehicle for his argument that he is being confined in violation of his constitutional rights and argues that the Magistrate did not address the merits of his petition. While 28 U.S.C. § 2241 could apply to an inmate such as petitioner who was convicted in the D.C. Superior Court and housed in a federal correctional facility, in this case, the application of D.C. Code § 23-110 requires that this court dismiss his petition for lack of jurisdiction. Review by this court under § 2241 is only available where the D.C. Code § 23-110 remedy was inadequate or ineffective. Because petitioner has not shown that his § 23-110 remedy was inadequate or ineffective,

---

[2] Petitioner filed an appeal under D.C. Code § 23-110 and that appeal was denied.
[3] This court also takes judicial notice that the United States District Court of the District of Columbia summarily dismissed, on the same grounds as this court, petitioners 28 U.S.C. § 2241 petition. *See Fletcher v. Holt*, C/A No. 1:08-1687-UNA (D.D.C. October 2, 2008).

3

this court lacks jurisdiction to hear his petition and cannot address the merits of his claims. His objections are hereby overruled.

### III.     Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 29, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

4